IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,076

In the Matter of JOHN ANDREW O'LEARY,
*Respondent.*

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed December 18, 2015. Disbarment.

*Kimberly L. Knoll*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

Respondent did not appear.

*Per Curiam*:  This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, John Andrew O'Leary, of Luray, an attorney admitted to the practice of law in Kansas in 1991.

On January 16, 2015, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent did not file an answer. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on April 7, 2015, where the respondent did not appear. The hearing panel determined that respondent violated KRPC 5.5(a) (2014 Kan. Ct. R. Annot. 650) (unauthorized practice of law); 8.4(g) (2014 Kan. Ct. R. Annot. 680) (engaging in conduct adversely reflecting on lawyer's fitness to practice law); and Kansas Supreme Court Rule 211(b) (2014 Kan. Ct. R. Annot. 363) (failure to file answer in disciplinary proceeding).

1

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"FINDINGS OF FACT

. . . .

"6.     On December 12, 2014, the Court issued an order of temporary suspension as a result of the respondent's multiple misdemeanor convictions. The respondent's license remains suspended.

"Criminal Cases—Russell County—DA11624, DA11983, and DA12124

"*11CR195*

"7.     The Russell County Attorney charged the respondent in a four count complaint, in case number 11CR195. The charges included possession of methamphetamine, a severity level 4 drug felony, possession of hydrocodone, a severity level 4 drug felony, possession of marijuana, a class A nonperson misdemeanor, and possession of drug paraphernalia, a class A nonperson misdemeanor. Thereafter, on May 24, 2012, the respondent entered a plea of guilty to possession of marijuana and possession of drug paraphernalia. In exchange, the prosecutor dismissed the two felonies. The court sentenced the respondent to a jail sentence of 12 months, but granted the respondent's request for probation. The court ordered the respondent to refrain from consuming drugs or alcohol during the 12 month period of probation.

"8.     By virtue of the events of April 11, 2013, detailed below, the respondent violated the terms of the order of probation. On April 18, 2013, the respondent admitted that he violated his probation by consuming an alcoholic beverage. The respondent agreed to submit to a substance abuse evaluation and comply with the recommendations contained in the report of evaluation. Further, the respondent's probation was extended.

"9.     Again, the respondent . . . violated the terms of the order of probation in 11CR195 by engaging in further criminal conduct and by continuing to consume

2

alcoholic beverages. On August 1, 2014, the court revoked the respondent's probation and ordered him to jail for a period of 120 days. The respondent reported to jail on August 11, 2014. The respondent remained in custody until December 9, 2014.

"*13TR220*

"10.    On April 11, 2013, the respondent was charged with speeding, a traffic infraction, transporting an open container, a misdemeanor, and driving with an expired driver's license, a misdemeanor, in Russell County District Court, case number 13TR220.

"11.    The prosecutor agreed to dismiss the charge of speeding in return for the respondent's guilty plea to the remaining two charges. On March 19, 2014, the respondent entered a plea of guilty to transporting an open container of alcohol and driving with an expired driver's license in 13TR220. The court ordered the respondent to pay a fine.

"*13TR577*

"12.    On July 13, 2013, the respondent was stopped by law enforcement. The prosecutor charged the respondent with driving with defective stop lamps, a traffic infraction, transporting an open container, a misdemeanor, and refusal to submit to a preliminary breath test, a misdemeanor, in District Court of Russell County, case number 13TR577.

"13.    On March 19, 2014, the respondent entered a plea of guilty to the charges of defective stop lamps and refusal to submit to a preliminary breath test in 13TR577. The prosecutor agreed to dismiss the charge of transporting an open container in exchange for the respondent's guilty pleas. The court assessed $236 in fines and court costs.

3

"14.    On February 3, 2014, the prosecutor charged the respondent with driving under the influence of alcohol, a class B nonperson misdemeanor, reckless driving, a misdemeanor, transporting an open container, a misdemeanor, and operating a vehicle at a speed greater than is reasonable and prudent, a traffic infraction, for an incident which occurred on December 28, 2013, case number 14TR75.

"15.    On March 19, 2014, the respondent entered a guilty plea to reckless driving. The prosecutor dismissed the driving under the influence of alcohol charge, the transporting an open container charge, and the speeding charge.

"*14TR150*

"16.    On March 2, 2014, the respondent was stopped for driving while suspended. On March 14, 2014, the prosecutor charged the respondent in a one count complaint alleging that the respondent operated a motor vehicle when his license to do so was suspended, case number 14TR150. On March 19, 2014, the prosecutor agreed to reduce the charge to driving in violation of a restriction, a misdemeanor, in exchange for the respondent's guilty plea. The respondent entered a guilty plea to driving in violation of a restriction. The court ordered the respondent to pay a fine and the court suspended the respondent's privilege to drive for 30 days.

"*14CR177*

"17.    Based upon a tip from the respondent's administrative assistant, on July 2, 2014, law enforcement officers executed a search warrant at the respondent's law office. The officers seized aluminum foil with burnt residue, a baggie with a dismantled ink pen and residue, two unmarked pill bottles with white powdery residue, and several

4

empty beer bottles. Later, the KBI lab determined that the aluminum foil had traces of methamphetamine and diazepam and the pill bottles had traces of hydrocodone.

"18.     On July 30, 2014, the prosecutor charged the respondent with possession of methamphetamine, a severity level 5 drug felony and possession of drug paraphernalia, a class A nonperson misdemeanor. Later, in November, 2014, the prosecutor dismissed the possession of methamphetamine charge and the respondent entered a plea of guilty to the possession of drug paraphernalia charge. The court ordered the respondent to pay the costs of the action.

"*Unauthorized Practice of Law–DA11907*

"19.     After the respondent's license to practice law was suspended, the respondent engaged in settlement negotiations on behalf of a client. The respondent admitted to practicing law by engaging in settlement negotiations after his license to practice law had been suspended.

"*Criminal Case—Rooks County—DA12077*

"20.     On March 18, 2014, the respondent provided a check in the amount of $4,281.36 to the Rooks County Treasurer. The check was returned for insufficient funds. The Rooks County Treasurer afforded the respondent seven days to pay the check. The respondent failed to do so.

"21.     On May 2, 2014, the prosecutor charged the respondent with one count of delivering a check with the intent to defraud, Rooks County District Court, case number 14CR30. On June 10, 2014, the respondent entered a plea of guilty to a reduced charge of giving a worthless check, a class A misdemeanor. The court sentenced the respondent to 120 days in jail but granted the respondent's request for probation. The court ordered the respondent to pay court costs and restitution.

"22.     Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 5.5(a), KRPC 8.4(g), and Kan. Sup. Ct. R. 211, as detailed below.

"*Service*

"23.     The respondent failed to appear at the hearing on the formal complaint. It is appropriate to proceed to hearing when a respondent fails to appear only if proper service was obtained. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

'(a)     Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c)     Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the formal complaint and the notice of hearing, *via* certified United States mail, postage prepaid, to the address shown on the respondent's most recent registration. The respondent failed to claim the package. The hearing panel concludes that the respondent was afforded the notice that the Kansas Supreme Court Rules require.

6

"24.    KRPC 5.5(a) prohibits the unauthorized practice of law. After the Kansas Supreme Court suspended the respondent's license to practice law, the respondent continued to practice law. Specifically, the respondent attempted to negotiate a settlement on behalf of a client after his license to practice law had been suspended. As such, the hearing panel concludes that the respondent violated KRPC 5.5(a).

"*KRPC 8.4(g)*

"25.    'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). The respondent engaged in conduct that adversely reflects on his fitness to practice law by repeatedly engaged in criminal conduct. Thus, the hearing panel concludes that the respondent violated KRPC 8.4(g).

"*Kan. Sup. Ct. R. 211(b)*

"26.    The Kansas Supreme Court Rules require attorneys to file answers to formal complaints. Kan. Sup. Ct. R. 211(b) provides the requirements:

'The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

Kan. Sup. Ct. R. 211(b). The respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a timely written answer to the formal complaint. Accordingly, the hearing panel concludes that the respondent violated Kan. Sup. Ct. R. 211(b).

"27.     In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"28.     *Duty Violated*. The respondent violated his duty to the public to maintain his personal integrity. Additionally, the respondent violated his duty to the legal profession to comply with the rules of the profession.

"29.     *Mental State*. The respondent knowingly violated his duties.

"30.     *Injury*. As a result of the respondent's misconduct, the respondent caused injury to the legal profession.

"31.     *Aggravating and Mitigating Circumstances.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"32.     *A Pattern of Misconduct*. The respondent engaged in a pattern of misconduct by repeatedly engaging in criminal conduct.

"33.     *Multiple Offenses.* The respondent committed multiple rule violations. The respondent violated KRPC 5.5(a), KRPC 8.4(g), and Kan. Sup. Ct. R. 211(b). Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

8

"34.     *Substantial Experience in the Practice of Law*. The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 1991. At the time of the misconduct, the respondent has been practicing law for more than twenty years.

"35.     *Illegal Conduct, Including that Involving the Use of Controlled Substances*. The respondent repeatedly engaged in criminal conduct. The respondent's criminal conduct is an aggravating factor.

"36.     Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"37.     *Absence of a Prior Disciplinary Record*. The respondent has not previously been disciplined.

"38.     *Absence of a Dishonest or Selfish Motive*. The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

"39.     In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'5.12     Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.

'7.2     Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

9

"40.     Based upon the respondent's misconduct and because the respondent failed to appear at the hearing, the disciplinary administrator recommended that the respondent be disbarred.

"41.     While the hearing panel appreciates the disciplinary administrator's position regarding the respondent's failure to appear, because the respondent has not previously been disciplined, the hearing panel concludes that indefinite suspension is warranted. Thus, based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent's license to practice law in Kansas be indefinitely suspended.

"42.     Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the hearing panel, and the arguments of the parties to determine (1) whether violations of the KRPC exist and, (2) if they do, the appropriate measure of discipline. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2014 Kan. Ct. R. Annot. 363). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

The respondent received adequate notice of the formal complaint. He did not file an answer; he filed no exceptions to the hearing panel's final hearing report. With no exceptions before us, the panel's findings of fact are deemed admitted. Supreme Court

Rule 212(c), (d) (2014 Kan. Ct. R. Annot. 383). Furthermore, the evidence before the hearing panel established the charged misconduct in violation of KRPC 5.5(a) (2014 Kan. Ct. R. Annot. 650) (unauthorized practice of law); 8.4(g) (2014 Kan. Ct. R. Annot. 680) (engaging in conduct adversely reflecting on lawyer's fitness to practice law); and Kansas Supreme Court Rule 211(b) (2014 Kan. Ct. R. Annot. 363) (failure to file answer in disciplinary proceeding) by clear and convincing evidence and supported the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

The only remaining issue before us is the appropriate discipline for respondent's violations. The hearing panel recommended indefinite suspension. At the hearing before this court, at which the respondent did not appear, the office of the Disciplinary Administrator recommended disbarment. See *e.g.*, Kansas Supreme Court Rule 212(d) (2014 Kan. Ct. R. Annot. 369) (respondent shall appear in person in disciplinary proceedings before the Supreme Court).

We frequently follow a hearing panel's recommendation. But in this case, we must consider the implications of a circumstance that did not exist at the time the hearing panel made its recommendation—specifically, the respondent's failure to appear before this court. Respondent received notice of the court hearing by certified mail. He signed for the mail, showing his receipt and acceptance of service of the notice. A respondent's failure to appear before this court after having been given notice may warrant a sanction greater than that recommended by the Disciplinary Administrator or panel, even up to disbarment. "Certainly, the lack of an appearance at a hearing before this court qualifies as an additional aggravator." *In re Barker*, 302 Kan. 156, 163, 351 P.3d 1256, 1261 (2015); see *In re Batt*, 296 Kan. 395, 294 P.3d 241 (2013).

The lack-of-appearance aggravator seems particularly apt in this case because it reflects a disturbing pattern—respondent's contempt for orders of this court and for the

11

disciplinary process. When this court suspended respondent's license in 2013 for administrative reasons, respondent ignored the order and practiced law without a license. When this court issued an order for the respondent to appear on December 12, 2014, to show cause why his license to practice law should not be temporarily suspended during the pendency of this disciplinary proceeding, respondent did not appear. Similarly, respondent showed a complete disregard for the disciplinary process when he failed to file an answer or respond to the notices to appear before the hearing panel and this court.

Granted, the record suggests there might be mitigating circumstances. From May 2012 until the time the petition in this case was filed in January of 2015, respondent was convicted in four criminal cases and three traffic cases. Many (and perhaps all) related to the use or possession of drugs or alcohol, suggesting respondent may suffer from dependency issues. Nevertheless, while respondent has phoned or written to the Disciplinary Administrator's office on occasion, he never filed an answer or sought to formally explain or mitigate his behavior, either before the hearing panel or this court. Had he appeared in court, we might have followed the hearing panel's recommendation. But a majority of this court views respondent's failure to appear, when viewed in the context of his criminal behavior and his previous disdain for the orders of this court and the disciplinary process, as a significant aggravator.

In light of these circumstances, a majority of the court agrees with the office of Disciplinary Administrator that disbarment is the appropriate sanction. A minority of the court would follow the hearing panel's recommendation of indefinite suspension.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that John Andrew O'Leary be disbarred from the practice of law in the state of Kansas, effective on the filing of this opinion, in accordance with Supreme Court Rule 203(a)(1) (2014 Kan. Ct. R. Annot. 306).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2014 Kan. Ct. R. Annot. 414) and Rule 219 (2014 Kan. Ct. R. Annot. 415).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

NUSS, C.J., and BEIER, J., not participating.

THOMAS E. MALONE, Chief Judge of the Kansas Court of Appeals, assigned.[1]

MICHAEL J. MALONE, Senior Judge, assigned.[2]

---

[1]**REPORTER'S NOTE:**  Chief Judge Malone, of the Kansas Court of Appeals, was appointed to hear case No. 114,076 vice Justice Beier under the authority vested in the Supreme Court by K.S.A. 20-3002(c).

[2]**REPORTER'S NOTE:**  Senior Judge Malone was appointed to hear case No. 114,076 vice Justice Nuss under the authority vested in the Supreme Court by K.S.A. 20-2616.