IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,097

In the Matter of TIMOTHY CLARK MEYER,
*Respondent.*

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed December 18, 2015. Indefinite suspension.

*Stanton A. Hazlett*, Disciplinary Administrator, argued the cause, and *Alexander M. Walczak*, Deputy Disciplinary Administrator, was with him on the formal complaint for the petitioner.

Respondent did not appear.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Timothy Clark Meyer, of Eau Claire, Wisconsin, an attorney admitted to the practice of law in Kansas in 1992.

On December 19, 2014, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent filed an answer on February 9, 2015. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on March 24, 2015, where the respondent did not appear. The hearing panel determined that respondent violated KRPC 8.4(b) (2015 Kan. Ct. R. Annot. 672) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); 8.4(d) (engaging in conduct prejudicial to the administration of justice); and 8.4(g) (engaging in conduct adversely reflecting on lawyer's fitness to practice law).

1

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"FINDINGS OF FACT

. . . .

"*Preadmission Convictions*

"7.     Prior to his admission to the practice of law in Kansas, the respondent was convicted of driving under the influence of alcohol on June 11, 1982 (Lawton, Oklahoma); in May, 1985 (Bensalem, Pennsylvania); and May, 1987 (Vista, California).

"*2001 Conviction*

"8.     Following his admission to the practice of law in Kansas, on January 31, 2001, the respondent was convicted of driving under the influence of alcohol and transporting an open container, misdemeanor offenses, in Leavenworth County, Kansas, case number 0101TR16. On February 28, 2001, the court sentenced the respondent to six months in jail, a fine of $100, and court costs of $79. The court required the respondent to serve 48 hours in jail and suspended the imposition of the remaining jail sentence.

"*2008 Conviction*

"9.     On January 29, 2008, the respondent was convicted of operating a motor vehicle with an alcohol concentration of .10 or more in St. Croix County, Wisconsin, case number 2007CT63. At the time of his 2008 arrest, the respondent's alcohol level was .232. The court revoked the respondent's driver's license for a period of eight months and ordered the respondent to pay a fine of $793.

"*2010 Conviction*

"10.     On May 13, 2010, the respondent was convicted of operating a motor vehicle under the influence of alcohol in Eau Claire, Wisconsin, case number 2009CT656. At the time of the respondent's 2010 arrest, the respondent's alcohol level

2

was .200. The court sentenced the respondent to 140 days in jail. The court stayed the 85 days of the respondent's jail sentence, pending the successful completion of treatment. The court revoked the respondent's driver's license for 24 months. Following the period of revocation, the court ordered the respondent to drive with an interlock device for a period of 24 months. The court also ordered the respondent to perform community service work and pay court costs of $2,526.

"*2012 Conviction*

"11. On May 22, 2012, the respondent was convicted of operating a motor vehicle under the influence of an intoxicant or other drug, a felony offense, in Eau Claire, Wisconsin, case number 2012CF52, in violation of his 2010 probation. At the time of his arrest, the respondent's alcohol level was .294.

"12. The respondent appeared at the sentencing hearing under the influence of alcohol. At the time of the respondent's sentencing hearing, the respondent's alcohol level was .287. The court sentenced the respondent to nine months in jail. The court ordered three months stayed if the respondent remained in good standing with the Veterans Treatment Court. The court revoked the respondent's driver's license for 30 months. The court ordered that following the period of revocation, the respondent drive only with an interlock device for a period of two years. Finally, the court ordered the respondent to pay $1,461.70 in court costs.

"*Conclusions of Law*

"13. Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 8.4(b), KRPC 8.4(d), and KRPC 8.4(g), as detailed below. However, before addressing the violations, because the respondent failed to appear at the hearing on the formal complaint, the hearing panel must first determine whether service was obtained in this case.

"14. It is appropriate to proceed to hearing when a respondent fails to appear only if proper service was obtained. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

3

'(a)     Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c)     Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the formal complaint and the notice of hearing, *via* certified United States mail, postage prepaid, to the address shown on the respondent's most recent registration. The respondent filed an answer to the complaint. The hearing panel concludes that the respondent was afforded the notice that the Kansas Supreme Court Rules require.

"KRPC 8.4(b)

"15.     'It is professional misconduct for a lawyer to . . . commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' KRPC 8.4(b). In this case, the respondent has been repeatedly convicted of driving under the influence of alcohol. Multiple convictions for driving under the influence of alcohol adversely reflects on the respondent's fitness as a lawyer in other respects. Accordingly, the hearing panel concludes that the respondent violated KRPC 8.4(b).

"KRPC 8.4(d)

"16.     'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent engaged in

4

conduct that was prejudicial to the administration of justice when he violated his probation and when he appeared at his sentencing hearing under the influence of alcohol. As such, the hearing panel concludes that the respondent violated KRPC 8.4(d).

"KRPC 8.4(g)

"17.    'It is professional misconduct for a lawyer to . . . engage in any other conduct that adversely reflects on the lawyer's fitness to practice law.' KRPC 8.4(g). The respondent engaged in conduct that adversely reflects on his fitness to practice law by repeatedly driving motor vehicles while under the influence of alcohol. The hearing panel concludes that the respondent violated KRPC 8.4(g).

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"18.    In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"19.    *Duty Violated*.  The respondent violated his duty to the public to maintain his personal integrity.

"20.    *Mental State*.  The respondent knowingly and intentionally violated his duty.

"21.    *Injury*.  As a result of the respondent's misconduct, the respondent caused injury to the legal profession. Additionally, the potential injury that the public could have suffered was serious.

5

"Aggravating and Mitigating Factors

"22.    Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"23.    *A Pattern of Misconduct*.  The respondent has engaged in a pattern of misconduct. The respondent has been convicted of driving under the influence on seven occasions.

"24.    *Illegal Conduct, Including that Involving the Use of Controlled Substances*.  The respondent engaged in illegal conduct by repeatedly driving a motor vehicle while under the influence of alcohol.

"25.    Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"26.    *Absence of a Dishonest or Selfish Motive*.  The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

"27.    *Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct*.  The respondent suffers from alcoholism. The respondent's alcoholism clearly contributed to the misconduct in this case.

"28.    *Imposition of Other Penalties or Sanctions*.  The respondent has experienced other sanctions for his conduct during the various criminal prosecutions.

"29.    In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

6

'5.12    Suspension is generally appropriate when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer's fitness to practice.'

"*Recommendation*

"30.    The disciplinary administrator initially argued that the respondent's license should be indefinitely suspended. However, based upon the respondent's pattern of misconduct and the respondent's failure to appear at the hearing, the disciplinary administrator recommended that the respondent be disbarred.

"31.    The hearing panel carefully considered the disciplinary administrator's recommendation. However, because Standard 5.12 appears to apply, the hearing panel unanimously recommends that the respondent's license to practice law be indefinitely suspended.

"32.    Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2015 Kan. Ct. R. Annot. 350). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint, to which he filed an answer. He admitted he "suffers from chemical dependency (alcoholism), for which there is medical evidence, and that respondent's chemical dependency caused the misconduct." His answer further stated he "has fully cooperated with the disciplinary process and has fully and freely acknowledged the transgressions."

Respondent was also given adequate notice of the hearing before the panel and the hearing before this court. He filed no exceptions to the hearing panel's final hearing report. With no exceptions before us, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2015 Kan. Ct. R. Annot. 369). Furthermore, the evidence before the hearing panel establishes the charged misconduct in violation of KRPC 8.4(b) (2015 Kan. Ct. R. Annot. 672) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); 8.4(d) (engaging in conduct prejudicial to the administration of justice); and 8.4(g) (engaging in conduct adversely reflecting on lawyer's fitness to practice law) by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

The only remaining issue before us is the appropriate discipline for respondent's violations. At the panel hearing, the office of the Disciplinary Administrator recommended disbarment because of respondent's pattern of misconduct and failure to appear at the hearing. The hearing panel recommended that respondent be indefinitely suspended. At the hearing before this court, at which the respondent also did not appear, the office of the Disciplinary Administrator renewed its recommendation that the respondent be disbarred. See, *e.g.*, Kansas Supreme Court Rule 212(d) (respondent shall appear in person in disciplinary proceedings before the Supreme Court). This court has previously held: "Certainly, the lack of an appearance at a hearing before this court qualifies as an additional aggravator." *In re Barker*, 302 Kan. ___, ___, 351 P.3d 1256, 1261 (2015).

We initially observe, however, respondent self-reported his May 2012 DUI conviction to the Disciplinary Administrator. Further, we acknowledge that respondent filed an answer to the resultant complaint in which he acknowledged his transgressions and explained their bases. We also acknowledge he later notified the office of the Disciplinary Administrator that he had received notice of the hearing before this court, that he would not attend the hearing, and that he would accept the panel's recommendation of indefinite suspension. In short, respondent has made some effort to participate in the process. Contrast *In re O'Leary*, ___ Kan. ___, ___ P.3d ___ (2015) (despite some evidence of dependency issues, disbarment ordered because of, among other things, respondent's contempt for the disciplinary process and for orders of this court, including the practice of law after receipt of notice of his license suspension for administrative reasons). We therefore hold that respondent should be indefinitely suspended effective as of the date of this opinion. A minority of the court would disbar respondent.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Timothy Clark Meyer be indefinitely suspended from the practice of law in the state of Kansas, effective on the filing of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2015 Kan. Ct. R. Annot. 293).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2015 Kan. Ct. R. Annot. 401) and Rule 219 (2015 Kan. Ct. R. Annot. 403).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

BEIER, J., not participating.

MALONE, C.J., assigned.[1]

---

[1]**REPORTER'S NOTE:** Chief Judge Thomas E. Malone, of the Kansas Court of Appeals, was appointed to hear case No. 114,097 vice Justice Beier under the authority vested in the Supreme Court by K.S.A. 20-3002(c).