IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,640

In the Matter of JASON RICHARD MCDANELD,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed March 3, 2017. Disbarment.

*Penny R. Moylan*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

Respondent did not appear.

*Per Curiam*: This is an uncontested original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent, Jason Richard McDaneld, of Topeka, an attorney admitted to the practice of law in Kansas in 2008.

On July 7, 2016, the office of the Disciplinary Administrator filed a formal complaint against respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC), and on July 12, 2016, the same office filed an amended formal complaint. Respondent did not file an answer. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on September 7, 2016, where the respondent did not appear. The hearing panel determined that respondent violated KRPC 5.5(a) (2017 Kan. S. Ct. R. 361) (unauthorized practice of law); 8.4(d) (2017 Kan. S. Ct. R. 379) (engaging in conduct prejudicial to the administration of justice); 8.1(b) (2017 Kan. S. Ct. R. 377) (failure to disclose a fact necessary to correct a misapprehension known by respondent); Supreme Court Rule 207(b) (2017 Kan. S. Ct. R. 246) (failure to cooperate in disciplinary investigation); Rule 211(b) (2017 Kan. S. Ct.

1

R. 251) (failure to file answer in disciplinary proceeding); and Rule 218(a) (2017 Kan. S. Ct. R. 262) (notification of clients upon suspension).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"6. On September 24, 2014, the Kansas Supreme Court issued an order suspending the respondent's license to practice law for failing to pay the continuing legal education fee and for failing to comply with the continuing legal education requirements. A copy of the order was sent to the respondent and the respondent knew or should have known of his suspension.

"7. After his license to practice law had been suspended, the respondent continued to practice law. The respondent appeared in court as attorney of record in at least the following cases in Shawnee County District Court:

'a. State v. Kennedy, 2014-CR-934;
'b. State v. Kuykendall, 2014-CR-2339;
'c. State v. Dalrymple, 2014-TR-7584;
'd. State v. Kelly, 2014-CR-2192;
'e. State v. Slusser, 2014-TR-6649;
'f. State v. Lopez, 2014-CR-2349;
'g. State v. Murphy, 2014-TR-830;
'h. State v. Merryfield, 2014-CR-1794.'

"8. On April 27, 2015, Gray Horse Farms, LLC filed a petition against the respondent and DL&K Enterprises, Inc. d/b/a Ichabod Laundra Bar in Shawnee County District Court, case number 2015LM4891, seeking damages. On May 11, 2015, 8 months after being suspended, the respondent filed an answer to the petition on behalf of himself and DL&K Enterprises, Inc. d/b/a Ichabod Laundra Bar. Additionally, the respondent

2

filed a motion to continue a hearing on behalf of DL&K Enterprises, Inc. d/b/a Ichabod Laundra Bar. DL&K Enterprises, Inc. d/b/a Ichabod Laundra Bar is wholly owned by the respondent. The motion to continue included the following: 'The reason for this request is the Defendant is an attorney and has to be in Municipal Court at the same time as the current setting.' Again, at the time the respondent filed the motion, the respondent's license to practice law remained suspended.

"9.     On May 26, 2015, Kate Baird, deputy disciplinary administrator sent a letter to the respondent, explaining that the disciplinary administrator's office had received a report that the respondent was practicing law even though his license to do so was suspended. Ms. Baird directed the respondent to provide an explanation within 15 days. The respondent failed to respond to the letter.

"10.     On November 2, 2015, Wesley F. Smith filed a complaint against the respondent, alleging that the respondent practiced law without a license.

"11.     On November 3, 2015, Ms. Baird sent a second letter to the respondent, explaining that the disciplinary administrator's office had docketed the complaint for investigation. Pat Scalia was appointed to investigate the complaint.

"12.     On November 16, 2015, Ms. Scalia directed the respondent to provide a written response by November 30, 2015. The respondent failed to provide a written response to the complaint as directed by Ms. Scalia.

"13.     On February 9, 2016, Terry L. Morgan, special investigator for the disciplinary administrator sent an electronic mail message to the respondent, requesting that the respondent contact Stanton A. Hazlett. That same day, the respondent responded as follows:

3

'I have chosen a different career path. I don't have the time to accommadate [*sic*] Mr. Hazlett in any way. If they want to simply suspend my license that is fine. For the time being, I am done practicing. I would prefer not to receive any further communications.'

"14.     On July 7, 2016, Ms. Moylan filed the formal complaint in this case. The disciplinary administrator's office forwarded a copy of the formal complaint to the respondent by certified mail and by regular mail. The copy of the formal complaint sent by certified mail was returned to the disciplinary administrator's office. The copy of the formal complaint sent by regular mail was not returned.

"15.     On July 12, 2016, Ms. Moylan filed an amended formal complaint. The disciplinary administrator's office forwarded a copy of the amended formal complaint to the respondent by regular mail. The copy of the amended formal complaint was not returned.

"*Conclusions of Law*

"16.     It is appropriate to consider violations not specifically included in the formal complaint under certain circumstances. The law in this regard was thoroughly examined in *State v. Caenen*, 235 Kan. 451, 681 P.2d 639 (1984), as follows:

'Supreme Court Rule 211(b) (232 Kan. clxvi), requires the formal complaint in a disciplinary proceeding to be sufficiently clear and specific to inform the respondent of the alleged misconduct.

'The seminal decision regarding the applicability of the due process clause to lawyer disciplinary proceedings is found in *In re Ruffalo*, 390 U.S. 544, 88 S. Ct. 1222, 20 L. Ed. 2d 117, *reh. denied* 391 U.S. 961, 88 S. Ct. 1833, 20 L. Ed. 2d 874 (1968). There the United States Supreme Court held that a lawyer charged with misconduct in lawyer disciplinary proceedings is entitled to procedural due process, and that due process includes fair notice of the charges sufficient to inform and provide a meaningful opportunity for explanation and defense.

4

'Decisions subsequent to *Ruffalo* have refined the concept of due process as it applies to lawyer disciplinary hearings, and suggest that the notice to be provided be more in the nature of that provided in civil cases. The weight of authority appears to be that, unlike due process provided in criminal actions, there are no stringent or technical requirements in setting forth allegations or descriptions of alleged offenses. . . . Due process requires only that the charges must be sufficiently clear and specific to inform the attorney of the misconduct charged, but the state is not required to plead specific rules, since it is the factual allegations against which the attorney must defend. . . . However, if specific rules are pled, the state is thereafter limited to such specific offenses. . . .

'Subsequent to the *Ruffalo* decision, the due process requirements in lawyer disciplinary proceedings have been given exhaustive treatment by this court. In *State v. Turner*, 217 Kan. 574, 538 P.2d 966 (1975), 87 A.L.R.3d 337, the court summarized prior Kansas and federal precedent on the question, including *Ruffalo*, and held in accordance with established precedent that the state need not set forth in its complaint the specific disciplinary rules allegedly violated . . . , nor is it required to plead specific allegations of misconduct. . . . What is required was simply stated therein:

"We must conclude that where the facts in connection with the charge are clearly set out in the complaint a respondent is put on notice as to what ethical violations may arise therefrom. . . .

. . . .

"It is not incumbent on the board to notify the respondent of charges of specific acts of misconduct as

5

long as proper notice is given of the basic factual

situation out of which the charges might result."'

235 Kan. at 458-59 (citations omitted). Thus, when the formal complaint alleges facts that support a violation of a rule not referenced specifically in the complaint, the court will consider and may find that additional violation. In this case, the disciplinary administrator included sufficient facts in the formal complaint to warrant consideration of a violation of Kan. Sup. Ct. R. 218. Thus, the hearing panel concludes that it is proper to consider a violation of Kan. Sup. Ct. R. 218.

"17.     Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 5.5, KRPC 8.1, KRPC 8.4, Kan. Sup. Ct. R. 207, Kan. Sup. Ct. R. 211, and Kan. Sup. Ct. R. 218, as detailed below.

"18.     The respondent failed to appear at the hearing on the formal complaint. It is appropriate to proceed to hearing when a respondent fails to appear only if proper service was obtained. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

'(a)     Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c)     Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the formal complaint and the notice of hearing, *via* certified United States mail, postage prepaid, to the address shown on the respondent's most recent

6

registration. The hearing panel concludes that the respondent was afforded the notice that the Kansas Supreme Court Rules require and more.

"KRPC 5.5

"19.     KRPC 5.5(a) prohibits the unauthorized practice of law. After the Kansas Supreme Court suspended the respondent's license to practice law, the respondent continued to practice law. Specifically, the respondent repeatedly appeared in Shawnee County District Court. Additionally, the respondent filed pleadings on behalf of his company, DL&K Enterprises, Inc. d/b/a Ichabod Laundra Bar. As such, the hearing panel concludes that the respondent violated KRPC 5.5(a). *See also* Kan. Sup. Ct. R. 218(c).

"KRPC 8.4(d)

"20.     'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent engaged in conduct that was prejudicial to the administration of justice when he appeared in court on behalf of clients and when he filed pleadings on behalf of his company after his license was suspended. As such, the hearing panel concludes that the respondent violated KRPC 8.4(d).

"KRPC 8.1 and Kan. Sup. Ct. R. 207(b)

"21.     Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not:  . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority . . .'. KRPC 8.1(b).

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

7

Kan. Sup. Ct. R. 207(b). The respondent knew that he was required to forward a written response to the initial complaint—he had been repeatedly instructed to do so in writing by the disciplinary administrator and the attorney investigator. Because the respondent knowingly failed to provide a written response to the initial complaint, the hearing panel concludes that the respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"Kan. Sup. Ct. R. 211(b)

"22.    The Kansas Supreme Court Rules require attorneys to file answers to formal complaints in disciplinary cases. Kan. Sup. Ct. R. 211(b) provides the requirements:

'The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

Kan. Sup. Ct. R. 211(b). The respondent violated Kan. Sup. Ct. R. 211(b) by failing to file an answer to the formal complaint or the amended formal complaint. Accordingly, the hearing panel concludes that the respondent violated Kan. Sup. Ct. R. 211(b).

"Kan. Sup. Ct. R. 218

"23.    When the Kansas Supreme Court issues an order suspending an attorney's license to practice law, lawyers are required to take certain action under Kan. Sup. Ct. R. 218(a).

'(a)    Attorney's Duty. When the Supreme Court issues an order or opinion suspending or disbarring an attorney or striking the attorney's name from the roll of attorneys, the attorney must, within 14 days of the order or opinion:

8

(1) notify each client, in writing, that the attorney is suspended, disbarred, or is no longer authorized to practice law and the client should obtain new counsel;

(2) notify all opposing counsel, in writing, that the attorney is suspended, disbarred, or is no longer authorized to practice law;

(3) notify all courts where the attorney is counsel of record and the chief judge of the district in which the attorney resides, in writing, that the attorney is suspended, disbarred, or is no longer authorized to practice law;

(4) file a motion to withdraw in each case in which the attorney is counsel of record; and

(5) notify each jurisdiction, in writing, where the attorney is or has been authorized to practice law that the attorney is suspended, disbarred, or is no longer authorized to practice law.'

Following the respondent's suspension, he continued to enter his appearance on behalf of clients, appear in court on behalf of clients, and file pleadings on behalf of clients. Thus, because the respondent continued to practice law following his suspension, it is clear that the respondent failed to notify his clients, opposing counsel, and the courts of his suspension and failed to file motions to withdraw from each case in which the respondent was counsel of record. As such, the hearing panel concludes that the respondent violated Kan. Sup. Ct. R. 218.

"24.    In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"25.    *Duty Violated*.  The respondent violated his duty to the public to maintain his personal integrity, his duty to the legal system to refrain from practicing law without a license, and his duty to the legal profession to cooperate in disciplinary investigations.

"26.    *Mental State*.  The respondent knowingly and intentionally violated his duties.

"27.    *Injury*.  As a result of the respondent's misconduct, the respondent caused actual injury to the administration of justice in the case involving DL&K Enterprises, Inc. d/b/a Ichabod Laundra Bar. Further, the respondent's misconduct resulted in potentially serious injury to his clients, the public, and the legal system.

"28.    *Aggravating and Mitigating Factors*.  Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

'a.    A Pattern of Misconduct.  The respondent engaged in a pattern of misconduct by repeatedly appearing in court after his license to practice law was suspended.

'b.    Multiple Offenses.  The respondent committed multiple rule violations. The respondent violated KRPC 5.5, KRPC 8.1, KRPC 8.4, Kan. Sup.

10

Ct. R. 207, Kan. Sup. Ct. R. 211(b), and Kan. Sup. Ct. R. 218. Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

'c.    Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process. The respondent failed to provide a written response to the complaint and respond to correspondence forwarded by the disciplinary administrator and the investigators. The respondent's failure to cooperate in the disciplinary investigation amounts to bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules and orders of the disciplinary process.

'd.    Refusal to Acknowledge Wrongful Nature of Conduct. On February 9, 2016, the respondent sent an email message to Mr. Morgan which amounted to a clear refusal to cooperate. The hearing panel concludes that the respondent's refusal to communicate with the disciplinary administrator's office, in any way, constitutes a refusal to acknowledge the wrongful nature of his misconduct.

'e.    Substantial Experience of the Practice of Law. The Kansas Supreme Court admitted the respondent to the practice of law in 2008. At the times of the respondent's misconduct, he had been practicing law from 6 to over 8 years. The hearing panel concludes that the respondent had enough time as a practicing attorney to know that he should refrain from practicing law following a suspension and that he should cooperate fully with the disciplinary administrator in disciplinary investigations and cases. Thus, the hearing panel concludes that the respondent had substantial experience in the practice of law.'

"29.    Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstance present:

'a.    Absence of a Prior Disciplinary Record. The respondent has not previously been disciplined.'

11

"30.    In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'7.1    Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.

'8.1    Disbarment is generally appropriate when a lawyer:

(a)    intentionally or knowingly violates the terms of a prior disciplinary order and such violation causes injury or potential injury to a client, the public, the legal system, or the profession; or

(b)    has been suspended for the same or similar misconduct, and intentionally or knowingly engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.'

"*Recommendation*

"[].    The disciplinary administrator recommended that the respondent be indefinitely suspended from the practice of law.

"31.    The respondent's misconduct can be summarized as follows:  The respondent continued to practice law, despite the Kansas Supreme Court's order of suspension. The evidence establishes that he entered his appearance, made court appearances, and filed pleadings in numerous cases. The respondent also refused to

12

cooperate in the disciplinary investigation. The respondent refused to provide a written response to the complaint. The respondent failed to file an answer to the formal complaint or amended formal complaint. The respondent failed to appear before the hearing panel. Finally, the only correspondence sent by the respondent was a message sent *via* electronic mail to the special investigator that he did not have time to respond to the complaint and that he would prefer to receive no additional communications.

"32.     In considering what discipline to recommend, the hearing panel considered *In re Paulson*, 346 Or. 676, [722-23,] 216 P.3d 859 (2009). While the respondent in this case does not have a prior disciplinary history like Paulson, many of the other relevant facts are remarkably similar to the facts in Paulson. Most importantly, both Paulson and the respondent engaged in the practice of law following suspension and both Paulson and the respondent refused to cooperate in the disciplinary investigation. The Oregon court stated:

'This case distinguishes itself from those in which we have ordered long suspensions because of the multiple different matters in which the accused committed the violations. In addition, the accused has a history of past violations. We agree with the trial panel that, in combination, the accused's current and past conduct demonstrate a persistent disregard for the rules of professional conduct and the duties that the accused owes to his clients, the public, the legal profession, and the legal system.

'That disregard is particularly evidenced by the accused's intentional practice of law despite this court's order of suspension. The accused's conduct in that regard might, without more, justify his disbarment. In *In re Devers*, 328 Or. 230, 974 P.2d 191 (1999), among other conduct involving the practice of law, the accused lawyer continued to represent a client in settlement negotiations despite his suspension; the accused lawyer did so because the client, who knew of the suspension, asked the lawyer to continue in the matter. This court determined that disbarment was "clearly" an appropriate presumptive sanction for the accused's conduct. *Id*. at 243, 974 P.2d 191. The court

13

further concluded that there were both aggravating factors (prior disciplinary record; a pattern of misconduct involving same violations; multiple offenses; refusal to acknowledge wrongful nature of conduct; and substantial experience in the practice of law) and mitigating factors (personal problems; cooperation with disciplinary proceedings; good reputation). *Id.* at 243-44, 974 P.2d 191. The court ultimately determined, however, that the mitigating factors were not of sufficient weight to reduce the sanction; the court ordered disbarment as a sanction. *Id.* at 245, 974 P.2d 191.

'Here, there are no mitigating factors. There are only significant aggravating factors. Any one of several violations that the accused committed in the various matters involved here, were it a single violation with those aggravating factors, could justify a long suspension. And the accused's unauthorized practice of law alone is enough to justify disbarment. Considering the violations in combination, however, and in the context of the several aggravating factors present in this case, disbarment is well-warranted under Oregon case law.'

"33. In entering an order of disbarment in *In re Paulson*, the Oregon court likewise considered Standards 7.1 and 8.1. Regarding Standard 8.1, the Oregon court stated:

'. . . Here, as we have found, the accused did not withdraw from representing several clients and took few or no steps to aid them in transferring their cases to other lawyers in advance of his suspension. The accused also practiced law while suspended. His misconduct caused both actual and potential injury to his clients, and, in the Loucks child custody case, the actual injury was serious.' [Paulson, 346 Or.] at 884.

Regarding Standard 7.1 the court stated:

'. . . Here, the accused systematically and intentionally failed to cooperate with the Bar's investigation of complaints against him despite a clear

14

duty to do so. The accused's conduct resulted in potentially serious injury to his clients, the public, and the legal system.' [Paulson, 346 Or.] at 885.

"34.    The respondent's disregard for the rules and orders of the Kansas Supreme Court leads the hearing panel to conclude that disbarment is the appropriate recommendation to make in this case. Accordingly, based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be disbarred.

"35.    Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2017 Kan. S. Ct. R. 252). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint, to which he did not file an answer. Respondent was also given adequate notice of the hearing before the panel and the hearing before this court. He filed no exceptions to the hearing panel's final hearing report. With no exceptions before us, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2017 Kan. S. Ct. R. 255). Furthermore, the evidence before the hearing panel establishes the charged misconduct violated KRPC 5.5(a) (2017 Kan. Ct. R. 361) (unauthorized practice of law); 8.4(d) (2017 Kan. Ct. R. 379) (engaging in conduct prejudicial to the administration of justice); 8.1(b) (2017 Kan.

15

Ct. R. 377) (failure to disclose a fact necessary to correct a misapprehension known by respondent); Rule 207(b) (2017 Kan. S. Ct. R. 246) (failure to cooperate in disciplinary investigation); Rule 211(b) (2017 Kan. S. Ct. R. 251) (failure to file answer in disciplinary proceeding); and Rule 218(a) (2017 Kan. S. Ct. R. 262) (notification of clients upon suspension) by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

The only remaining issue before us is the appropriate discipline for respondent's violations. At the panel hearing, at which the respondent did not appear, the office of the Disciplinary Administrator recommended indefinite suspension, but the hearing panel unanimously recommended that the respondent be disbarred. Then, when arguing before this court, the office of the Disciplinary Administrator changed its recommendation to disbarment. The Deputy Disciplinary Administrator explained the reason for that change by citing *In re Barker*, 302 Kan. 156, 163, 351 P.3d 1256 (2015), in which this court stated: "Certainly, the lack of an appearance at a hearing before this court qualifies as an additional aggravator."

We agree that disbarment is the appropriate sanction. Respondent demonstrated his blatant disregard for this court's order suspending his license to practice law. His contempt of that order led to his unauthorized practice of law, as evidenced by his court appearances on behalf of multiple clients. Once the disciplinary investigation began, respondent systematically and intentionally failed to cooperate, culminating with his failure to appear before the hearing panel or this court. All of these actions constitute serious and intentional violations of the duties respondent owed to his clients, the public, the legal profession, and the legal system and caused potential and actual harm that warrants the severe sanction of disbarment. See *In re Barker*, 302 Kan. at 163; *In re Batt*, 296 Kan. 395, 294 P.3d 241 (2013).

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Jason Richard McDaneld be and is hereby disbarred in accordance with Supreme Court Rule 203(a)(1) (2017 Kan. S. Ct. R. 234), effective on the filing of this opinion.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this opinion be published in the official Kansas Reports.