IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,967

In the Matter of JAMES T. BARKER, II,
*Respondent.*

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed June 12, 2015. Indefinite suspension.

*Deborah L. Hughes*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

Respondent did not appear.

*Per Curiam*: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, James T. Barker, II, of Blue Springs, Missouri, an attorney admitted to the practice of law in Kansas in 1995.

On July 24, 2014, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent did not file an answer. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on October 28, 2014, where the respondent did not appear. The hearing panel determined that respondent violated KRPC 5.5(a) (2014 Kan. Ct. R. Annot. 650) (unauthorized practice of law); 7.1 (2014 Kan. Ct. R. Annot. 662) (communications concerning a lawyer's services); 7.5(a) (2014 Kan. Ct. R. Annot. 669) (firm names and letterhead); 8.1(b) (2014 Kan. Ct. R. Annot. 670) (failure to respond to lawful demand for information from disciplinary authority); 8.4(d) (2014 Kan. Ct. R. Annot. 680) (engaging in conduct prejudicial to the administration of justice); Kansas Supreme Court Rule 207(b) (2014 Kan. Ct. R. Annot.

1

342) (failure to cooperate in disciplinary investigation); Kansas Supreme Court Rule 208(c) (2014 Kan. Ct. R. Annot. 356) (failure to notify Clerk of the Appellate Courts of change of address); and Kansas Supreme Court Rule 218(a) (2014 Kan. Ct. R. Annot. 414) (notification of clients upon suspension).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"FINDINGS OF FACT

. . . .

"8.     On July 31, 2013, the respondent forwarded the annual registration form and associated fee to the Clerk of the Appellate Courts. However, because the fee was received after July 31, 2013, the respondent was assessed a late fee. The Clerk of the Appellate Courts notified the respondent that if he did not pay the late fee, his license to practice law would be suspended.

"9.     On August 9, 2013, the respondent entered his appearance on behalf of R.K. in an off-grid felony criminal case in Johnson County District Court, case number 13CR1658, before Judge Kevin Moriarty. Thereafter, Judge Moriarty scheduled the preliminary hearing for October 1, 2013.

"10.     The respondent failed to pay the late fee and, as a result, on September 18, 2013, the Kansas Supreme Court issued an order suspending the respondent's license to practice law. The respondent did not file a motion to withdraw nor did he notify the court, counsel, and his client that his license to practice law had been suspended, as required by Kan. Sup. Ct. R. 218.

"11.     On October 1, 2013, the respondent appeared with R.K. for the preliminary hearing before Judge Moriarty. The respondent represented R.K. during the preliminary hearing. Additionally, that day, the respondent wrote a letter to the prosecutor requesting a plea offer.

2

"12.     On October 21, 2013, the respondent forwarded the late fee to the Clerk of the Appellate Courts and requested that his license to practice law be reinstated. On October 31, 2013, the Kansas Supreme Court entered an order reinstating the respondent's license to practice law.

"13.     In December, 2013, Judge Moriarty learned that the respondent's license to practice law had been suspended from September 18, 2013, through October 31, 2013. Judge Moriarty held a telephone conference with the respondent and the prosecutor. Judge Moriarty gave the respondent the opportunity to investigate the matter and provide a response by December 20, 2013. The respondent failed to provide Judge Moriarty with a response by December 20, 2013.

"14.     On December 23, 2013, the respondent wrote to Judge Moriarty, responded in part to the issue, and informed the judge that he was continuing to investigate the matter.

"15.     On December 24, 201[3], the prosecutor filed a complaint with the disciplinary administrator's office. On January 9, 2014, the disciplinary administrator wrote to the respondent and directed the respondent to provide a written response to the complaint within 20 days. The respondent failed to provide a written response to the complaint as directed.

"16.     On March 6, 2014, and April 21, 2014, William Delaney, special investigator with the disciplinary administrator, wrote to the respondent and directed him to provide a written response to the complaint. Finally, on April 28, 2014, the respondent sent Mr. Delaney a written response to the complaint.

"17.     In his response, the respondent admitted that he practiced law while his license was suspended from September 18, 2013, to October 31, 201[3]. The respondent's response was written on his letterhead. According to his letterhead, 'The Law Office of James T. Barker' is located at '605 U.S. Highway 40, Suite 164, Blue Springs, MO 64014.' However, the respondent does not have a law office at that address. Rather, that address is a UPS Store. The respondent has rented a mailbox at the UPS Store.

3

"18.     On July 24, 2014, the disciplinary administrator filed the formal complaint and notice of hearing. On that date, a copy of the formal complaint and notice of hearing was mailed to the respondent at his last registration address, certified delivery, postage prepaid. The package containing the formal complaint and notice of hearing was returned to the disciplinary administrator and marked, 'RETURN TO SENDER UNABLE TO FORWARD.'

"*Conclusions of Law*

"19.     Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 5.5(a), KRPC 7.1, KRPC 7.5(a), KRPC 8.1(b), KRPC 8.4(d), Kan. Sup. Ct. R. 207(b), Kan. Sup. Ct. R. 208(c), and Kan. Sup. Ct. R. 218(a), as detailed below.

"20.     The respondent failed to appear at the hearing on the formal complaint. It is appropriate to proceed to hearing when a respondent fails to appear only if proper service was obtained. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

'(a)     Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.

. . . .

'(c)     Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the Disciplinary Administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the formal complaint and the notice of hearing, *via* certified United States mail, postage prepaid, to the address shown on the respondent's most recent

4

registration. The hearing panel concludes that the respondent was afforded the notice that the Kansas Supreme Court Rules require.

"KRPC 5.5(a)

"21.    KRPC 5.5(a) prohibits the unauthorized practice of law. After the Kansas Supreme Court suspended the respondent's license to practice law, the respondent continued to practice law. Specifically, the respondent represented R.K. at the preliminary hearing held on October 1, 2013. Additionally, that same day, the respondent wrote a letter to the prosecutor requesting a plea agreement in R.K.'s case. As such, the hearing panel concludes that the respondent violated KRPC 5.5(a).

"KRPC 7.1 and KRPC 7.5(a)

"22.    KRPC 7.1 provides:

'A lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services. A communication is false or misleading if it:

(a)    contains a material misrepresentation of fact or law, or omits a fact necessary to make the statement considered as a whole not materially misleading.'

And, KRPC 7.5(a) provides:

'A lawyer shall not use a firm name, letterhead or other professional designation that violates Rule 7.1. A trade name may be used by a lawyer in private practice if it does not imply a connection with a government agency or with a public or charitable legal services organization and is not otherwise in violation of Rule 7.1.'

5

The respondent violated KRPC 7.1 and KRPC 7.5(a) when he used letterhead which made it appear as though he had a physical office located at 605 U.S. Highway 40, Suite 164, Blue Springs, MO 64014, when, in fact, that address is a UPS Store. The respondent's letterhead is materially false. As such, the hearing panel concludes that the respondent violated KRPC 7.1 and KRPC 7.5(a).

"KRPC 8.4(d)

"23. 'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent engaged in conduct that was prejudicial to the administration of justice when he practiced law at a time when his license to do so was suspended. The respondent's conduct required the court and opposing counsel to examine whether the preliminary hearing in an off grid felony case had to be heard for a second time. As such, the hearing panel concludes that the respondent violated KRPC 8.4(d).

"KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b)

"24. Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter, shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . . .' KRPC 8.1(b).

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

Kan. Sup. Ct. R. 207(b). The respondent knew that he was required to timely forward a written response to the initial complaint—he had been repeatedly instructed to do so in writing by the disciplinary administrator and the special investigator. Because the respondent knowingly failed to provide a timely written response to the initial complaint

6

filed by the prosecutor, the hearing panel concludes that the respondent violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"Kan. Sup. Ct. R. 208(c)

"25. All attorneys are required to provide a current address to the Clerk of the Appellate Courts. Kan. Sup. Ct. R. 208(c) provides:

'On or before June 1 of each year the Clerk of the Appellate Courts shall mail to each individual attorney then registered in this state, at his or her last known address, a statement of the amount of the registration fee to be paid on or before July 1. Failure of any attorney to receive a statement from the Clerk shall not excuse the attorney from paying the required fee. Every registrant shall within thirty days after any change of address notify the Clerk of such change.'

The hearing panel concludes that the respondent failed to notify the Clerk of the Appellate Courts of his current address, because mail sent to that address was returned with a note that the post office was unable to forward the mail. Therefore, the hearing panel concludes that the respondent failed to update his address with the Clerk of the Appellate Courts and, in doing so, violated Kan. Sup. Ct. R. 208(c).

"Kan. Sup Ct. R. 218(a)

"26. Upon suspension or disbarment, attorneys must take certain action. Kan. Sup. Ct. R. 218(a) provides the requirements in this regard:

'Attorney's Duty. When the Supreme Court issues an order or opinion suspending or disbarring an attorney or striking the attorney's name from the roll of attorneys, the attorney must, within 14 days of the order or opinion:

(1) notify each client, in writing, that the attorney is suspended, disbarred, or is no longer authorized

7

to practice law and the client should obtain new counsel;

(2) notify all opposing counsel, in writing, that the attorney is suspended, disbarred, or is no longer authorized to practice law;

(3) notify all courts where the attorney is counsel of record and the chief judge of the district in which the attorney resides, in writing, that the attorney is suspended, disbarred, or is no longer authorized to practice law;

(4) file a motion to withdraw in each case in which the attorney is counsel of record; and

(5) notify each jurisdiction, in writing, where the attorney is or has been authorized to practice law that the attorney is suspended, disbarred, or is no longer authorized to practice law.'

Thus, upon suspension, the respondent was required to notify his clients, opposing counsel, and the courts of the suspension of his license to practice law. The respondent never notified R.K., the prosecutor, or the court of his suspension. Accordingly, the hearing panel concludes that the respondent violated Kan. Sup. Ct. R. 218(a).

"*American Bar Association
Standards for Imposing Lawyer Sanctions*

"27. In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual

8

injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"28.     *Duty Violated*.  The respondent violated his duty to his client and the legal system to comply with court rules and properly attend to the registration requirements of the practice of law.

"29.     *Mental State*.  The respondent knowingly violated his duties.

"30.     *Injury*.  As a result of the respondent's misconduct, the respondent caused potentially serious injury to the legal system.

"Aggravating and Mitigating Factors

"31.     Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"32.     *Multiple Offenses*.  The respondent committed multiple rule violations. The respondent violated KRPC 5.5(a), KRPC 7.1, KRPC 7.5(a), KRPC 8.1(b), KRPC 8.4(d), Kan. Sup. Ct. R. 207(b), Kan. Sup. Ct. R. 208(c), and Kan. Sup. Ct. R. 218(a). Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

"33.     *Substantial Experience in the Practice of Law*.  The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 1995. At the time of the misconduct, the respondent has been practicing law for more than 18 years.

"34.     Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found no circumstances present.

9

"35.     In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'7.2     Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

"*Recommendation*

"36.     The disciplinary administrator recommended that the respondent be indefinitely suspended from the practice of law.

"37.     Accordingly, based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be indefinitely suspended.

"38.     Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2014 Kan. Ct. R. Annot. 356). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

The respondent was given adequate notice of the formal complaint, to which he did not file an answer; he filed no exceptions to the hearing panel's final hearing report. With no exceptions before us, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2014 Kan. Ct. R. Annot. 383). Furthermore, the evidence before the hearing panel establishes the charged misconduct in violation of KRPC 5.5(a) (2014 Kan. Ct. R. Annot. 650) (unauthorized practice of law); 7.1 (2014 Kan. Ct. R. Annot. 662) (communications concerning a lawyer's services); 7.5(a) (2014 Kan. Ct. R. Annot. 669) (firm names and letterhead); 8.1(b) (2014 Kan. Ct. R. Annot. 670) (failure to respond to lawful demand for information from disciplinary authority); 8.4(d) (2014 Kan. Ct. R. Annot. 680) (engaging in conduct prejudicial to the administration of justice); Kansas Supreme Court Rule 207(b) (2014 Kan. Ct. R. Annot. 342) (failure to cooperate in disciplinary investigation); Kansas Supreme Court Rule 208(c) (2014 Kan. Ct. R. Annot. 356) (failure to notify Clerk of the Appellate Courts of change of address); and Kansas Supreme Court Rule 218(a) (2014 Kan. Ct. R. Annot. 414) (notification of clients upon suspension) by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

The only remaining issue before us is the appropriate discipline for respondent's violations. At the hearing before this court, at which the respondent did not appear, the office of the Disciplinary Administrator recommended that the respondent be indefinitely suspended. The hearing panel also recommended that respondent be indefinitely suspended. It is important to note that respondent was served with notice of the hearing before this court by the clerk's office by certified mail which respondent signed showing his receipt and acceptance of same. When a respondent fails to appear before this court when facing recommendations of indefinite suspension, a sanction greater than that recommended by the Disciplinary Administrator or panel, even up to disbarment, may be warranted. Certainly, the lack of an appearance at a hearing before this court qualifies as an additional aggravator of these circumstances under consideration. See *In re Batt*, 296 Kan. 395, 294 P.3d 241 (2013). We also note that had the respondent been candid with

11

the district court in December 2013 and followed through with the opportunity to clarify his licensing status at that time, this matter would not likely be before us at all today. However, given the circumstances of this case as it now stands coupled with the Disciplinary Administrator's continued recommendation of indefinite suspension despite respondent's absence, we hold indefinite suspension to be appropriate in this case.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that James T. Barker, II be indefinitely suspended from the practice of law in the state of Kansas, effective on the filing of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2014 Kan. Ct. R. Annot. 306).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2014 Kan. Ct. R. Annot. 414), and in the event the respondent would seek reinstatement, he shall comply with the requirements of Supreme Court Rule 219 (2014 Kan. Ct. R. Annot. 415).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.