IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,111

In the Matter of BRANDON W. DEINES,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed November 30, 2018. Indefinite suspension.

*Matthew J. Vogelsberg*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with him on the formal complaint for the petitioner.

No appearance by respondent.

PER CURIAM: This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Brandon W. Deines, of Lawrence, an attorney admitted to the practice of law in Kansas in 2008.

On August 25, 2017, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent did not file an answer to the complaint. On September 7, 2017, the respondent and the office of the Disciplinary Administrator filed a joint motion for temporary suspension; the motion was granted by order dated September 18, 2017. The hearing panel granted respondent's motion to continue the hearing, set a date for a prehearing conference on October 4, 2017, and, after the prehearing conference, set December 5, 2017, as the date for the hearing. On December 5, 2017, respondent and the office of the Disciplinary Administrator filed a joint stipulation in which respondent stipulated to the admission of the exhibits of the office of the Disciplinary Administrator,

1

to extensive facts, and to rules violations. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on December 5, 2017, where the respondent was personally present. The hearing panel determined that respondent violated KRPC 1.1 (2018 Kan. S. Ct. R. 289) (competence); 1.3 (2018 Kan. S. Ct. R. 292) (diligence); 1.4(a) (2018 Kan. S. Ct. R. 293) (communication); 1.15(b) (2018 Kan. S. Ct. R. 328) (safekeeping property); 1.16(d) (2018 Kan. S. Ct. R. 333) (termination of representation); 3.2 (2018 Kan. S. Ct. R. 343) (expediting litigation); 8.4(d) (2018 Kan. S. Ct. R. 381) (engaging in conduct prejudicial to the administration of justice); and 8.1(b) (2018 Kan. S. Ct. R. 379) (failure to respond to a disciplinary authority); Kansas Supreme Court Rule 207(b) (2018 Kan. S. Ct. R. 246) (failure to cooperate in disciplinary investigation); and Kansas Supreme Court Rule 211(b) (2018 Kan. S. Ct. R. 251) (failure to file answer in disciplinary proceeding).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"DA12724

"16.     In Douglas County District Court, W.S. was convicted of felony crimes. Years later, W.S. filed a motion to correct an illegal sentence. The Douglas County District Court dismissed the motion. Counsel for W.S. docketed an appeal on his behalf. The Kansas Court of Appeals allowed counsel to withdraw on behalf of W.S. and issued a stay on the appeal until new appellate counsel could be appointed. Thereafter, the respondent was appointed to represent W.S. in his appeal of the dismissal of his motion to correct an illegal sentence.

"17.     After receiving notice that the respondent had been appointed to represent W.S., on June 1, 2016, the Kansas Court of Appeals lifted the stay and ordered that W.S.'s brief be filed by July 5, 2016. On July 5, 2016, the respondent filed a motion for an extension of time to file W.S.'s brief. On July 18, 2016, the Kansas Court of Appeals granted the motion, directing that the respondent file a brief on behalf of W.S. by August 4, 2016. The respondent failed to file a brief by August 4, 2016.

"18.     On August 26, 2016, the Kansas Court of Appeals issued an order noting that W.S.'s brief was past due. The order warned the respondent that if he failed to file W.S.'s brief by September 14, 2016, W.S.'s appeal would be dismissed without further notice. The respondent neither filed a brief nor otherwise responded to the court's order by September 14, 2016.

"19.     On October 3, 2016, the Kansas Court of Appeals dismissed W.S.'s appeal. Thereafter, on November 16, 2016, the court issued the mandate. On November 14, 2016, Jennifer Bates, Chief Deputy Clerk of the Kansas Appellate Courts, notified the disciplinary administrator's office that the respondent failed to file an appellate brief on behalf of W.S., resulting in the dismissal of the appeal. The disciplinary administrator's office treated the correspondence from Ms. Bates as a complaint.

"20.     On November 15, 2016, the disciplinary administrator's office sent a letter to the respondent notifying him that a complaint had been filed regarding the respondent's failure to file a brief on behalf of W.S. The disciplinary administrator's office explained to the respondent that the complaint had not been docketed for investigation. The disciplinary administrator's office directed the respondent to provide a written response within 15 days. The respondent failed to provide a written response within 15 days.

"21.     On December 8, 2016, the disciplinary administrator's office sent a second letter to the respondent, noting that the 15-day time period had passed without receiving a response from the respondent. The letter reminded the respondent that he had a duty under Rules 8.1 and 207, to provide a response to the complaint. The disciplinary

3

administrator's office directed the respondent to provide a written response within 10 days. The respondent failed to provide a written response.

"22.    On January 3, 2017, the disciplinary administrator's office docketed the complaint for investigation. The disciplinary administrator's office notified the respondent that the complaint had been docketed and referred to the Douglas County Ethics and Grievance Committee for investigation. The disciplinary administrator's office again directed the respondent to provide a written response to the complaint.

"23.    On January 5, 2017, Sherri Loveland, chairman of the Douglas County Ethics and Grievance Committee, spoke to the respondent over the phone regarding the complaint filed against him. The respondent told Ms. Loveland that he would draft a response as soon as possible and provide copies to Ms. Loveland and the disciplinary administrator's office. Additionally, on January 25, 2017, Ms. Loveland also wrote to the respondent directing him to provide a written response to the complaint. The respondent never provided a written response to the complaint.

"24.    The respondent stipulated that his conduct in DA12724 violated KRPC 1.1 (competence), 1.3 (diligence), 3.2 (expediting litigation), 8.1(b) (cooperation), 8.4(d) (engaging in conduct that is prejudicial to the administration of justice), and 207 (cooperation).

"DA12746

"25.    In late 2014, J.S. retained the respondent to bring a lawsuit on his behalf for water damage to his home. In January, 2015, the respondent filed a lawsuit in Miami County District Court, case number 2015CV02, on behalf of J.S.

"26.    As the case progressed, the respondent failed to timely respond to J.S.'s requests for updates regarding the status of the case. Despite numerous requests from J.S., the respondent failed to notify J.S. that the case was scheduled for mediation until 40 minutes prior to when the mediation was set to begin.

4

"27.     In August, 2016, the defendants filed motions for summary judgment. The respondent failed to file responses to the motions.

"28.     The district court scheduled a pretrial conference and a hearing on motions for September 21, 2016, 9:00 a.m. The respondent failed to appear at the pretrial conference. The district court granted the defendants' motions for summary judgment. Additionally, the district court granted the defendants' oral motion to dismiss the case based on the respondent's failure to prosecute the case and to follow the court's orders.

"29.     The respondent failed to inform J.S. that the court dismissed the case. J.S. learned of the dismissal after receiving a copy of the order in the mail from the court. J.S. called the respondent's office several times to speak with him about the order of dismissal, but the respondent did not answer his phone or return J.S.'s phone calls.

"30.     Sometime after learning that the court dismissed the case, J.S. went to the respondent's office to speak with him about the order of dismissal. J.S. noticed that the respondent's office was open, but the respondent was not present. J.S. sent the respondent a text message informing him that he was in the building and was waiting to speak with him. After a period of time, J.S. entered the men's room near the lobby of the building. When he went in the men's room, J.S. found the respondent inside the men's room talking on a cell phone. At the hearing on this matter, the respondent denied waiting in the men's room to avoid J.S.

"31.     J.S. asked the respondent about the order of dismissal. The respondent told J.S. that he was not aware that the case had been dismissed. The respondent told J.S. that he would have the case refiled.

"32.     The respondent did not take any further action on behalf of J.S. Additionally, the respondent failed to return J.S.'s phone calls after speaking to him about the order of dismissal in late September, 2016.

"33.     Later, J.S. retained new counsel to determine whether the case could be salvaged. J.S.'s new attorney sent a letter to the respondent on January 3, 2017, requesting

5

a complete copy of the file. The respondent failed to respond to the letter from the new attorney.

"34.     In late January, 2017, J.S. filed a complaint with the disciplinary administrator's office regarding the respondent's conduct. On February 2, 2017, the disciplinary administrator's office sent a letter to the respondent notifying him of J.S.'s complaint, enclosing a copy of the complaint, informing the respondent that the complaint had been docketed and referred to Ms. Loveland for investigation, and asking the respondent to provide a written response to the complaint within 20 days.

"35.     On February 24, 2017, Ms. Loveland met the respondent at the Douglas County courthouse and accompanied him to his office so she could retrieve J.S.'s file from the respondent. The respondent provided Ms. Loveland with some documents, but acknowledged that he would have to locate additional electronic documents. The respondent assured Ms. Loveland that he would provide the rest of the documents.

"36.     On March 20, 2017, Ms. Loveland contacted J.S.'s new attorney regarding his representation. The new attorney told Ms. Loveland that he still needed more documents from the respondent before he could proceed with J.S.'s case. On March 22, 2017, Ms. Loveland returned to the respondent's office and asked him to provide the documents that the new attorney requested. The respondent provided Ms. Loveland with discovery responses and electronic copies of other documents and pleadings from J.S.'s case. The respondent never provided the new attorney with the deposition transcripts, summary judgment pleadings, or the summary judgment order.

"37.     The respondent stipulated that in DA12746 he violated KRPC 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.16(d) (termination of representation), 3.2 (expediting litigation), 8.1(b) (cooperation), 8.4(d) engaging in conduct that is prejudicial to the administration of justice), and 207 (cooperation).

6

"38.     In February, 2015, K.M. filed a quiet title action against S.M. in Shawnee County District Court, case number 2015CV158. S.M., a California resident, provided her brother, G.H., with power of attorney to act as her agent in defending against the lawsuit. On October 1, 2015, G.H. and the respondent entered into a contingency fee agreement for the respondent to represent S.M. On October 2, 2015, the respondent entered his appearance on behalf of S.M.

"39.     On December 15, 2015, the respondent filed a counterclaim against K.M. and claims against two title companies. In his pleading, the respondent mistakenly referred to the title companies as cross-claimants rather than third-party defendants. Additionally, prior to bringing the claims against the title companies, the respondent failed to obtain the district court's leave to file a third-party petition as required by K.S.A. 60-214. Finally, the respondent failed to serve a summons or copy of the petition on the title companies.

"40.     On February 5, 2016, the title companies filed a motion to dismiss the third-party petition. The respondent filed a response on March 2, 2016. The court denied the motion to dismiss and provided the respondent 90 days to correct certain errors. The respondent took no action. On August 29, 2016, the title companies renewed their motion to dismiss. The respondent did not amend the pleadings or file a response to the title companies' second motion to dismiss. On October 6, 2016, the court granted the title companies motion to dismiss the third-party claims.

"41.     The court scheduled a pretrial conference for the original cause of action for November 15, 2016. The respondent failed to appear at the pretrial conference. Following the pretrial conference, opposing counsel erroneously prepared an order of dismissal rather than an order of default judgment. The court signed the order prepared by opposing counsel.

"42.     During the period of representation, the respondent failed to return G.H.'s telephone calls and keep G.H. updated regarding the status of the case.

7

"43.     In late December, 2016, the respondent (falsely) told G.H. that he would be requesting that S.M.'s case be scheduled for trial. In late February, 2017, G.H. learned that the respondent failed to attend the pretrial conference and that the court dismissed the case.

"44.     On March 2, 2017, G.H. terminated the respondent's representation. G.H. directed the respondent to provide him with the file within two weeks. The respondent never provided G.H. with the file. The respondent failed to withdraw from the representation.

"45.     In early April, 2017, G.H. filed a complaint against the respondent with the disciplinary administrator's office. The disciplinary administrator's office docketed the complaint against the respondent for investigation. On April 13, 2017, the disciplinary administrator's office sent the respondent a letter, notifying him that the complaint filed by G.H. had been received and docketed for investigation. The disciplinary administrator's office informed the respondent that the complaint had been referred to Ms. Loveland for investigation and directed the respondent to provide a written response to the complaint within 20 days.

"46.     On April 24, 2017, Ms. Loveland wrote to the respondent and directed him to contact her to make arrangements to review G.H.'s file. The respondent did not contact Ms. Loveland.

"47.     On May 22, 2017, Ms. Loveland sent the respondent a second letter. Ms. Loveland informed the respondent that if he did not respond by May 26, 2017, she would complete her investigation without his input. The respondent did not provide a written response to the complaint or contact Ms. Loveland.

"48.     Later, opposing counsel realized his mistake and filed a motion to alter judgment. The court conducted a hearing on May 30, 2017, to correct the order. After proper notice, the respondent did not appear at the May 30, 2017, hearing.

8

"49.     On June 2, 2017, the Honorable Teresa Watson filed a complaint against the respondent regarding his misconduct in this case. On June 5, 2017, the disciplinary administrator's office sent a letter to the respondent, informing him that Judge Watson filed a complaint against him. The disciplinary administrator's office enclosed a copy of the complaint, directed the respondent to provide a written response to the complaint within 20 days, and informed the respondent that William C. Delaney, special investigator with the disciplinary administrator's office would be investigating the complaint. On June 21, 2017, Mr. Delaney left a message for the respondent to call. The respondent failed to provide a written response to the complaint filed by Judge Watson and the respondent failed to return Mr. Delaney's telephone call.

"50.     The respondent stipulated that his conduct in DA12825 and DA12876 violated KRPC 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.16(d) (termination of representation), 3.2 (expediting litigation), 8.1(b) (cooperation), 8.4(d) (engaging in conduct that is prejudicial to the administration of justice), and 207 (cooperation).

"DA12862

"51.     The respondent represented M.B. in four separate criminal cases. M.B. was convicted of crimes in all four cases. Following his convictions, the court placed M.B. on probation. Later, the court revoked M.B.'s probation and he was ordered to serve his sentences.

"52.     After he was incarcerated, M.B. believed that he did not receive proper credit for jail time previously served. M.B. sought the respondent's assistance with properly calculating credit for jail time served for each of the four cases. The respondent did nothing to assist M.B. with this issue. Because the respondent failed to assist him, on March 21, 2017, M.B. filed a *pro se* motion requesting more credit for jail time served.

"53.     M.B. filed a complaint with the disciplinary administrator's office in May, 2017. On May 22, 2017, the disciplinary administrator's office sent the respondent a letter, notifying him that M.B. filed a complaint and directing him to provide a written

9

response to the complaint within 20 days. Additionally, the disciplinary administrator's office informed the respondent that Mr. Delaney would be investigating the complaint.

"54.    On July 6, 2017, the court considered M.B.'s *pro se* motion. The court reviewed the journal entries and the docket notes regarding the cases in open court and determined that the jail credit awarded to M.B., in each case, was correct. Accordingly, the court denied M.B.'s motion.

"55.    The respondent did not provide a written response to M.B.'s complaint nor did he contact Mr. Delaney.

"56.    The respondent stipulated that his conduct in DA12862 violated KRPC 8.1(b) (cooperation) and 207 (cooperation).

"DA12911

"57.    D.T., a North Carolina resident and T.T., a Nevada resident, retained the respondent to establish a guardianship and conservatorship for their brother, M.T., a Kansas resident.

"58.    With a check dated March 4, 2017, T.T. paid the respondent $2,000 to begin the process. On April 4, 2017, the respondent cashed T.T.'s check, rather than depositing it into an attorney trust account. That same day, the respondent sent T.T. a text message indicating that he would begin working on establishing a guardianship and conservatorship for M.T. immediately. Thereafter, the respondent took no action to establish a guardianship for M.T.

"59.    Beginning on May 17, 2017, D.T. and T.T. repeatedly attempted to contact the respondent to learn whether any progress had been made in establishing a guardianship and conservatorship for M.T. The respondent did not respond to D.T. and T.T.'s messages until June 15, 2017. At that time, the respondent promised to call D.T. with a full update the following day. The respondent did not call D.T. as promised.

10

"60.     D.T. continued to attempt to contact the respondent without success. On June 20, 2017, the respondent again promised to call D.T. Again, the respondent failed to call D.T.

"61.     On June 21, 2017, D.T. terminated the respondent's representation. D.T. demanded that the respondent refund the $2,000 to T.T. within three to five business days. The respondent did not respond to D.T.'s communication nor did he refund the unearned fees.

"62.     On June 26, 2017, T.T. demanded a refund of the $2,000 paid for attorney fees. The respondent did not respond to T.T.'s communication nor did he refund the unearned fees.

"63.     During the period of representation, the respondent took no action to secure a guardianship and conservatorship over M.T. In July, 2017, D.T. filed a complaint with the disciplinary administrator's office. On July 19, 2017, the disciplinary administrator's office sent the respondent a letter, notifying him that D.T. filed a complaint and directed the respondent to provide a written response to the complaint within 20 days. The respondent did not provide a written response to the complaint.

"64.     Following the hearing on this matter, the respondent returned the unearned $2,000 to T.T.

"65.     The respondent stipulated that his conduct in DA12911 violated KRPC 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.15 (safekeeping property), 1.16(d) (termination of representation), 8.1(b) (cooperation), and 207 (cooperation). As referenced in ¶11 above, the respondent also stipulated that he violated KRPC 8.4(c) (engaging in conduct that involves dishonesty, fraud, deceit, or misrepresentation) in this case. However, the hearing panel concludes that the facts alleged in the formal complaint and stipulated to in the joint stipulation do not support a conclusion that the respondent violated KRPC 8.4(c).

11

"66.     On August 25, 2017, the deputy disciplinary administrator filed a formal complaint in the instant cases. The respondent failed to file an answer to the formal complaint.

"67.     Sometime after receiving a copy of the formal complaint, the respondent contacted the deputy disciplinary administrator, seeking a continuance of the hearing scheduled for October 4, 2017, to allow him time to explore transferring his license to disability inactive [status]. Because the respondent's misconduct involved significant neglect of client matters, the deputy disciplinary administrator agreed to a continuance of the case only if the respondent would agree to an immediate temporary suspension of his license to practice law. The respondent agreed and the parties made application to the Supreme Court for the temporary suspension of his license to practice law. On September 18, 2017, the Supreme Court issued an order temporarily suspending the respondent's license to practice law. The Supreme Court ordered the respondent to:

'comply with the provisions of Supreme Court Rule 218 (2017 Kan. Sup. Ct. R. 262) to notify each client in writing that the respondent is suspended, notify all opposing counsel in writing that the respondent is suspended, notify all courts where the respondent is counsel of record and the chief judge of the district court where the respondent resides in writing that the respondent is suspended, and file a motion to withdraw in each case in which the attorney is counsel of record.'

Under Rule 218(a), the respondent had 14 days from the date of the order of temporary suspension to provide the appropriate notifications. The respondent failed to comply with Rule 218.

"68.     Because the respondent failed to comply with Rule 218, the deputy disciplinary administrator requested that the Honorable Peggy C. Kittel, Chief Judge of the Douglas County District Court, issue an order under Rule 221, appointing an attorney to inventory the respondent's files and to take action to protect the interests of the

respondent's clients. On October 12, 2017, Judge Kittel issued an order appointing Ms. Loveland to review and inventory the respondent's client files and to take action to protect the respondent's clients. On October 16, 2017, the respondent turned over his client files to Ms. Loveland.

"*Conclusions of Law*

"69.     Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.15 (safekeeping property), 1.16(d) (termination of representation), 3.2 (expediting litigation), 8.1(b) (cooperation), 8.4(d) (engaging in conduct that is prejudicial to the administration of justice), 207 (cooperation), and 211(b) (failing to file an answer), as detailed below.

"KRPC 1.1

"70.     Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' The respondent stipulated that he failed to exercise the legal knowledge, skill, thoroughness, and preparation necessary to represent W.S., J.S., S.M., D.T., and T.T. The respondent failed to file a brief on behalf of W.S. In representing J.S., the respondent violated KRPC 1.1 when he failed to respond to motions for summary judgment and failed to appear in court. In representing S.M., the respondent improperly filed a third-party claim. Additionally, the respondent failed to correct the error when given the chance by the court. Finally, the respondent failed to exercise the requisite legal knowledge, skill, thoroughness, and preparation when he failed to take any action to establish a guardianship and conservatorship for M.T. on behalf of D.T. and T.T. Because the respondent failed to competently represent W.S., J.S., S.M., D.T., and T.T., the hearing panel concludes that the respondent repeatedly violated KRPC 1.1.

13

## "KRPC 1.3

"71.     Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The respondent stipulated that he failed to diligently and promptly represent W.S., J.S., S.M., D.T., and T.T. The respondent failed to file a brief on behalf of W.S. By failing to respond to motions for summary judgment and appear in court on behalf of J.S., the respondent violated KRPC 1.3. Additionally, the respondent failed to respond to the defendants' second motion to dismiss the third-party action filed by the respondent on behalf of S.M. The respondent, likewise, failed to exercise diligence when he failed to appear at the pretrial conference, resulting in the dismissal of S.M.'s third-party action. The respondent took no action to establish a guardianship and conservatorship for M.T. on behalf of D.T. and T.T. Because the respondent failed to act with reasonable diligence and promptness in representing his clients, the hearing panel concludes that the respondent repeatedly violated KRPC 1.3.

## "KRPC 1.4

"72.     Rule 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the respondent violated KRPC 1.4(a) when he failed to return J.S.'s telephone calls, when he failed to keep him reasonably informed regarding the status of the case, and when he failed to inform J.S. that the case had been dismissed. The respondent failed to return G.H.'s telephone calls and the respondent failed to inform G.H. that S.M.'s third-party action had been dismissed. Finally, the respondent failed to timely respond to requests for information from D.T. and T.T. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.4(a) in three separate matters.

## "KRPC 1.15

"73.     Lawyers must properly safeguard the property of their clients and third persons. Properly safeguarding the property of others necessarily requires lawyers to deposit unearned fees into an attorney trust account. The respondent failed to deposit the unearned fees paid by T.T. into his attorney trust account. *See* KRPC 1.15(a).

14

Accordingly, the hearing panel concludes that the respondent violated KRPC 1.15(a) by failing to deposit unearned fees, thus, the property of others, into his attorney trust account.

"Additionally, KRPC 1.15(b) provides:

'(b)     Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.'

The respondent violated Rule 1.15(b) when he failed to timely refund the unearned fees to T.T. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.15(b).

"KRPC 1.16

"74.     KRPC 1.16 requires lawyers to take certain steps to protect clients after the representation has been terminated. Specifically, KRPC 1.16(d) provides the requirement in this regard:

'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.'

The respondent violated KRPC 1.16(d) when he failed to timely forward J.S.'s file, pleadings, documents, and deposition transcripts to subsequent counsel. The respondent violated KRPC 1.16(d) when he failed to return S.M.'s file to G.H. as directed, following the termination of representation. Also, the respondent violated KRPC 1.16(d) when he failed to withdraw from the cases after his representation had been terminated. The hearing panel concludes that the respondent violated KRPC 1.16(d) in two separate cases.

"KRPC 3.2

"75.    An attorney violates KRPC 3.2 if he fails to make reasonable efforts to expedite litigation consistent with the interests of his client. The respondent caused unnecessary delay in W.S., J.S., and S.M.'s cases. The respondent failed to take any action on behalf of W.S., causing unnecessary delay in the appellate case. The respondent failed to respond to motions and appear in court on behalf of J.S., causing unnecessary delay in that litigation. The respondent failed to correct the error in filing the third-party claim in S.M.'s cases. Additionally, the respondent failed to appear at the pretrial conference. The respondent's inaction in S.M.'s case[s] caused unnecessary delay. Accordingly, the hearing panel concludes that the respondent repeatedly violated KRPC 3.2.

"KRPC 8.4(d)

"76.    'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent stipulated that he violated KRPC 8.4(d) in representing W.S., J.S., and S.M. The respondent engaged in conduct that was prejudicial to the administration of justice when he failed to file a brief necessitating the court to order the respondent to file a brief. Further, the respondent's misconduct caused W.S.'s appeal to be dismissed. The respondent engaged in conduct that was prejudicial to the administration of justice when he allowed J.S.'s case to be dismissed on summary judgment without responding to the motion. Further, the respondent engaged in conduct that was prejudicial to the administration of justice when the respondent failed to turn over deposition transcripts and other documents to J.S.'s new attorney. The respondent violated KRPC 8.4(d) in his representation of S.M.

16

by failing to properly bring a third-party claim, by [failing to correct] the error he made in filing the third-party claim, by failing to appear in court, and by falsely telling G.H. that he would be requesting that S.M.'s case be scheduled for trial when the case had already been dismissed. As such, the hearing panel concludes that the respondent repeatedly violated KRPC 8.4(d).

"KRPC 8.1 and Kan. Sup. Ct. R. 207(b)

"77. Lawyers must cooperate in disciplinary investigations. KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b) provide the requirements in this regard. '[A] lawyer in connection with a . . . disciplinary matter shall not: . . . knowingly fail to respond to a lawful demand for information from [a] . . . disciplinary authority, . . .' KRPC 8.1(b).

'It shall be the duty of each member of the bar of this state to aid the Supreme Court, the Disciplinary Board, and the Disciplinary Administrator in investigations concerning complaints of misconduct, and to communicate to the Disciplinary Administrator any information he or she may have affecting such matters.'

Kan. Sup. Ct. R. 207(b). The respondent knew that he was required to forward written responses to the initial complaints—he had been repeatedly instructed to do so in writing by the disciplinary administrator's office and the attorney investigator. Because the respondent knowingly failed to provide written responses to the complaint filed by W.S., J.S., G.H., Judge Watson, M.B., D.T., and T.T. and because the respondent failed to respond to investigators assigned to investigate the disciplinary complaints, the hearing panel concludes that the respondent repeatedly violated KRPC 8.1(b) and Kan. Sup. Ct. R. 207(b).

"Kan. Sup. Ct. R. 211(b)

"78. The Supreme Court Rules require attorneys to file answers to formal complaints. Kan. Sup. Ct. R. 211(b) provides the requirements:

17

'The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

Kan. Sup. Ct. R. 211(b). The respondent violated Kan. Sup. Ct. R. 211(b) by failing to file a timely written answer to the formal complaint. Accordingly, the hearing panel concludes that the respondent violated Kan. Sup. Ct. R. 211(b).

"*American Bar Association
Standards for Imposing Lawyer Sanctions*

"79.     In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"80.     *Duty Violated*. The respondent violated his duty to his clients to provide competent and diligent representation. The respondent violated his duty to his clients to provide adequate communication. The respondent violated his duty to the legal system to expedite litigation. Finally, the respondent violated his duty to the legal profession to cooperate in the disciplinary proceedings.

"81.     *Mental State*. The respondent negligently and knowingly violated his duties.

"82.     *Injury*. As a result of the respondent's misconduct, the respondent caused actual serious injury to his clients, to the legal system, and to the legal profession.

"83.     *Aggravating and Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be

18

imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

a.   A Pattern of Misconduct. The respondent engaged in a pattern of misconduct.

b.   Multiple Offenses. The respondent committed multiple rule violations. The respondent violated KRPC 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.15 (safekeeping property), 1.16(d) (termination of representation), 3.2 (expediting litigation), 8.1(b) (cooperation), 8.4(d) (engaging in conduct that is prejudicial to the administration of justice), 207 (cooperation), and 211(b) (failing to file an answer). Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

c.   Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process. The respondent failed to provide written responses to the complaints in this case after having been repeatedly instructed to do so. However, the hearing panel does not find that the respondent's failure in this regard amounts to 'bad faith obstruction.' The respondent's lack of cooperation is mitigated by the circumstances concerning his mental health.

"84.   Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

a.   Absence of a Prior Disciplinary Record. The respondent has not previously been disciplined.

b.   Absence of a Dishonest or Selfish Motive. The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

19

c. **Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct.** The respondent suffers from depression. It is clear that the respondent's depression was the main contributing factor to the misconduct.

d. **Timely Good Faith Effort to Make Restitution or to Rectify Consequences of Misconduct.** The respondent returned the $2,000 to T.T., albeit untimely.

e. **The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.** While the respondent failed to cooperate in the disciplinary investigations, shortly before the hearing, the respondent entered into a written stipulation with the deputy disciplinary administrator.

f. **Remorse.** At the hearing on this matter, the respondent expressed genuine remorse for having engaged in the misconduct.

"85. In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'4.41 Disbarment is generally appropriate when:

. . . .

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

'4.42 Suspension is generally appropriate when:

20

(a)     a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(b)     a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

'4.43     Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

'4.53     Reprimand is generally appropriate when a lawyer:

(a)     demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client;

. . . .

'6.22     Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.

'6.23     Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.

'7.2     Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.'

"86.     The deputy disciplinary administrator recommended that the respondent's license be indefinitely suspended. The deputy disciplinary administrator argued that an indefinite suspension would allow the respondent sufficient time to obtain necessary treatment for depression.

"87.     The respondent asked the hearing panel to recommend a one-year suspension. The respondent also recommended that he be required to establish good mental health before reinstatement.

"88.     The misconduct in this case is serious and many clients suffered as a result. However, it is clear to the hearing panel that the respondent's misconduct flowed from the respondent's depression. The respondent should not practice law until his mental health would permit him to provide the time and attention his clients need. Because the respondent refunded the unearned fees to T.T., the hearing panel recommends that the respondent's license be suspended for a period of two years. The hearing panel further recommends that the respondent be required to undergo a reinstatement hearing, under Rule 219, prior to consideration of reinstatement. Finally, the hearing panel recommends that the suspension be made retroactive to the date of the Supreme Court's order of temporary suspension, September 18, 2017.

"89.     Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945,

258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2018 Kan. S. Ct. R. 251). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint to which he did not file an answer. Respondent was also given adequate notice of the hearing before the panel and the hearing before this court. He filed no exceptions to the hearing panel's final hearing report. With no exceptions before us, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2018 Kan. S. Ct. R. 255). Furthermore, the evidence before the hearing panel establishes the charged misconduct in violation of KRPC 1.1 (2018 Kan. S. Ct. R. 289) (competence); 1.3 (2018 Kan. S. Ct. R. 292) (diligence); 1.4(a) (2018 Kan. S. Ct. R. 293) (communication); 1.15(b) (2018 Kan. S. Ct. R. 328) (safekeeping property); 1.16(d) (2018 Kan. S. Ct. R. 333) (termination of representation); 3.2 (2018 Kan. S. Ct. R. 343) (expediting litigation); 8.4(d) (2018 Kan. S. Ct. R. 381) (engaging in conduct prejudicial to the administration of justice); and 8.1(b) (2018 Kan. S. Ct. R. 379) (failure to respond to a disciplinary authority); Kansas Supreme Court Rule 207(b) (2018 Kan. S. Ct. R. 246) (failure to cooperate in disciplinary investigation); and Kansas Supreme Court Rule 211(b) (2018 Kan. S. Ct. R. 251) (failure to file answer in disciplinary proceeding) by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

The only remaining issue before us is the appropriate discipline for respondent's violations. At the hearing before this court, at which the respondent did not appear, the office of the Disciplinary Administrator recommended that the respondent be disbarred, relying on the additional aggravating factor of the respondent's failure to appear before this court. See *In re Barker*, 302 Kan. 156, 163, 351 P.3d 1256 (2015). The Hearing

Panel recommended a two-year suspension retroactive to the date of the temporary suspension, September 18, 2017.

It is important to note that respondent was served with notice of the hearing before this court by the clerk's office by certified mail which respondent signed showing his receipt and acceptance of same. When a respondent fails to appear before this court when facing recommendations of a definite term of suspension or an indefinite suspension, a sanction greater than that recommended by the Disciplinary Administrator or panel, even up to disbarment, may be warranted. Certainly, the lack of an appearance at a hearing before this court qualifies as an additional aggravator of these circumstances under consideration. See *Barker*, 302 Kan. at 163; *In re Batt,* 296 Kan. 395, 40fg5, 294 P.3d 241 (2013).

Given the serious nature of respondent's conduct underlying the allegations in this case, which include six complaints in which a number of respondent's clients were abandoned resulting in direct harm, we find the respondent's failure to appear at the hearing before this court is an additional aggravator of the discipline now under consideration. However, rather than adopting the Disciplinary Administrator's recommendation of disbarment, we find indefinite suspension, a greater sanction than that recommended by the hearing panel, to be appropriate in this case.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Brandon W. Deines be and he is hereby disciplined by indefinite suspension in accordance with Supreme Court Rule 203(a)(2) (2018 Kan. S. Ct. R. 234).

IT IS FURTHER ORDERED that the respondent shall comply with Supreme Court Rule 218 (2018 Kan. S. Ct. R. 262), and in the event respondent seeks reinstatement, he shall comply with Supreme Court Rule 219 (2018 Kan. S. Ct. R. 264).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.